1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**,<br><br>   Plaintiff,<br><br>   v.<br><br>**Sameer Lakhany**, et al.<br><br>   Defendants. | Case No. SACV12-00337 CJC (JPRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Honorable Cormac J. Carney<br>Courtroom 9B |

   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the parties having consented to the entry of a protective order in this form, and the Court having found that the discovery of information that one or more parties or non-parties may consider confidential has been or may be requested in this action and that the disclosure and distribution of such information should be reasonably restricted, the Court finds that good cause exists for the entry of this Order.  It is therefore **ORDERED** that:

   1. A producing person (including parties and non-parties) shall stamp as "CONFIDENTIAL" any page or any portion of any page of any material produced in discovery or for the purposes of settlement that the person believes in good faith contains:  (a) sensitive personally identifiable information reflecting (i) an

individual's Social Security Number (SSN) alone, sensitive health information, a biometric identifier; or (ii) an individual's name or address or phone number in combination with one or more of the following: date of birth, driver's license number or other state identification number, or foreign country equivalent, military identification number, passport number; financial account number; or credit or debit card number; or (b) trade secrets or other confidential research, confidential development, or confidential commercial information. Any page or any portion of any page so designated shall be treated as "Confidential Material" for purposes of this Stipulated Protective Order. By designating information as Confidential Material, a producing person is certifying to the Court within the meaning of Federal Rule of Civil Procedure 26(g) that there is a good faith basis both in law and fact for the designation.

2.     All material thus designated "CONFIDENTIAL" and produced in this action shall be disclosed only to the following:

    a.     the Court and Court personnel during the course of this litigation;

    b.     professional copying, reproduction, data management, data entry, data processing, or document management companies or contractors of any party;

    c.     employees of the FTC who are involved in the prosecution of this litigation. Disclosure of Confidential Material to any such person shall be only for the purposes of the case *Federal Trade Commission v. Lakhany*, SACV12-00337 CJC (JPRx) and any related proceedings and for no other purpose whatsoever;

    d.     the defendants, their officers, directors, and employees, and any of their counsel, including any professionals or paraprofessionals engaged by such counsel, including their associates, office staff, and litigation support assistants who are involved in the defense of this litigation. Disclosure of Confidential Material to any person listed in this

subparagraph shall be only for the purposes of the case *Federal Trade Commission v. Lakhany*, SACV12-00337 CJC (JPRx) and any related proceedings and for no other purpose whatsoever;

e.   potential witnesses or consultants who are, or may become, actively involved in this litigation, and their attorneys and staff personnel, provided that before receiving Confidential Material, they, as a condition of being furnished Confidential Material, agree to treat all material as confidential and proprietary.  Before receiving any Confidential Material, each person listed in this subparagraph must read this Protective Order, and acknowledge in writing by executing the agreement attached hereto as Appendix A, that he or she agrees to be bound by the terms of the Order, provided that in lieu of the signed agreement in Appendix A, the FTC's counsel may obtain an executed FTC Form X-033-Nondisclosure Agreement for Contractors from their outside consultants or experts.  Disclosure of Confidential Material to any person listed in this subparagraph shall be only for the purposes of the case *Federal Trade Commission v. Lakhany*, SACV12-00337 CJC (JPRx) and any related proceedings and for no other purpose whatsoever;

f.   to persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the Confidential Material, or who have been participants in a communication that is the subject of the Confidential Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants,

3

only as much of the Confidential Material may be disclosed as may be necessary to confirm the person's access or participation.

3.     Each person or entity to whom Confidential Material is disclosed shall be provided with a copy of this Protective Order.

4.     Confidential Material shall be protected from disclosure at all times and confidentiality shall only be lifted pursuant to the procedures outlined in Paragraph 10 of this Protective Order.

5.     Nothing in this Protective Order shall impose any restrictions on the use or disclosure by the FTC of Confidential Material as provided by:  (1) the FTC's Rules of Practice, including but not limited to 12 C.F.R. § 4.11, and any cases construing them; (2) Sections 6(f) and 21 of the Federal Trade Commission Act and any cases construing them; and (3) any other legal obligation imposed upon the FTC.

6.     If any party uses any Confidential Material during a deposition, the party shall request the stenographer or court reporter to separately bind and mark as "Confidential - Subject to Protective Order" the portion of the deposition transcript during which the Confidential Material was disclosed or discussed.  Any such confidential portion of a deposition transcript shall be deemed Confidential Material, subject to the terms of this Protective Order.

7.     Within five business days of the date of this Order, any person who previously produced material shall designate any such material as "CONFIDENTIAL" to the extent such information constitutes protected information as defined in this Order.

8.     All transcripts of depositions taken in this action shall be treated as if designated "CONFIDENTIAL" for a period of ten business days after a full and complete copy of the transcript has been available to the deponent or deponent's counsel.  Any deponent or counsel for that deponent or counsel for a party may designate during the deposition or during the ten-day period after the transcript is available from the court reporter any portion of the transcript as "CONFIDENTIAL"

by denominating by page and line, and by designating any exhibits, that are to be considered "CONFIDENTIAL." Such designation shall be communicated to all parties.

9.   Any production of information without its being designated as "CONFIDENTIAL" shall not thereby be deemed a waiver of any claim of confidentiality as to such information, and the same may thereafter be designated "CONFIDENTIAL." Upon receiving notice from a producing person that confidential information has not been previously denominated, the parties shall make reasonable efforts to re-denominate and appropriately treat all such information. Any such subsequent designation, however, shall not apply retroactively to any previously disclosed information for which disclosure was proper when made.

10.   Any party may at any time request in writing of any producing person that any Confidential Material be released from the requirements of this Order. The party and the producing person shall confer, and if they are unable to reach an agreement on the confidentiality of the material by negotiation, the producing person seeking protection of the material as confidential must, within ten (10) days of service of the party's written request to release the material from the requirements of this order, move the Court to issue a protective order retaining the "Confidential" designation of the material at issue. If no such motion is made within ten (10) days of the party's written request, the material at issue will no longer be treated as confidential and protected under this Order. In the event any such motion is made, the moving person must establish that the material at issue is entitled to confidential protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Paragraph 1 of this Order. The terms of this Order shall continue to apply to such material until the Court rules on the motion.

11.   Inadvertent production of any document, material, or information that a producing person later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, deliberative process

privilege, law enforcement privilege, work product doctrine, or common interest doctrine will not be deemed to waive any privilege.  A producing person may request the return of any inadvertently produced privileged document, material or information by identifying the document inadvertently produced and stating the basis for withholding such document from production.  If a producing person requests the return, pursuant to this paragraph, of any inadvertently produced privileged document then in the custody of a party, the party shall within three (3) business days return the inadvertently produced privileged item (including all attachments to that item) in its entirety (and all copies thereof), and shall expunge from any other document or material information reflecting the contents of the inadvertently produced privileged item.  The party returning such item may then move the Court for an order compelling production of the material, but such party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production.

12.    At the time that any consultant or other person retained to assist counsel in the preparation of these actions concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with notes, memoranda, or other papers containing confidential information.  At the conclusion of these actions, any subsequent proceedings based thereon, or any related actions, and upon request of any producing person, the non-governmental parties shall return or destroy all documents obtained in these actions that contain or refer to confidential matters or information, other than trial transcripts and trial exhibits admitted into evidence (and, if destroyed, shall provide a producing person with a declaration of destruction); provided, however, that privileged documents or attorney work product need not be returned or destroyed.  The FTC shall retain, return, or destroy documents in accordance with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.  The terms of this Stipulated Protective Order shall

continue to apply to all documents retained by any person after the conclusion of these actions.

13.    The FTC and Defendants have the right to apply to the Court to modify this Stipulated Protective Order, or for such other relief as they deem advisable.


**IT IS SO ORDERED**, this 21st day of June, 2012.


UNITED STATES MAGISTRATE JUDGE
JEAN P. ROSENBLUTH

# EXHIBIT A

## Acknowledgment of Protective Order

I, _____, state as follows:

      1.      My address is:

              _____

              _____.

      2.      My present occupation is:

              _____.

      3.      I have received a copy of the Stipulated Protective Order in the action styled *Federal Trade Commission v. Lakhany*, SACV12-00337 CJC (JPRx), pending in the United States District Court for the Central District of California ("Protective Order"). I have carefully read and understand the provisions of the Protective Order.

      4.      I agree to comply with and be bound by all provisions of the Protective Order. I understand that unauthorized disclosure of designated Confidential Material constitutes a breach of the Protective Order, and I understand that failure to comply with the Protective Order could expose me to sanctions and punishment in the nature of contempt.

      5.      I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

      6.      I agree that I will not use or disclose in any manner any Confidential Material subject to this Protective Order except in strict compliance with the provisions of this Protective Order.

      7.      I agree to return all documents containing Confidential Material to

the attorneys who presented this Acknowledgment to me within sixty (60) days after

the conclusion of this litigation whether by dismissal, final judgment or settlement.


Signature: _____